ANDREW NOSAL, PLAINTIFF-APPELLANT, v. CITY OF GAR-
FIELD, A MUNICIPAL CORPORATION OF THE STATE
OF NEW JERSEY, *ET AL.*, DEFENDANTS-RESPOND-
ENTS.

Argued June 4, 1959—Decided June 17, 1959.

*Mr. Morris Dobrin* argued the cause for the plaintiff-appellant.

*Mr. Carmen M. Belli* argued the cause for the defendants-respondents.

The opinion of the court was delivered by

BURLING, J.  Plaintiff appeals from a summary judgment of the Superior Court, Law Division, entered in favor of the defendants, dismissing plaintiff's complaint and dissolving the *ad interim* restraint obtained upon the filing of the complaint.  We certified the cause on our motion prior to argument and while pending in the Superior Court, Appellate Division.

Plaintiff, a veteran of World War II, was honorably discharged from the United States Army on February 4, 1946. Thereafter, on April 16, 1947 he was duly appointed a police officer of the City of Garfield.  On February 2, 1954 he was

designated, pursuant to a resolution adopted by the mayor and council, as municipal court clerk of Garfield.

The Garfield police ordinance, adopted in 1950, provides in pertinent part:

"One of the members of the Police Dept. shall be designated as Court Clerk to the Municipal Court of the City of Garfield. * * * He shall be relieved from all other regular duties as a member of the Police Dept. as long as he remains in the position of the Clerk of the Court. As compensation for such special services he shall receive in addition to his regular salary the sum of $300.00 per annum. * * * Nothing in this Ordinance shall be construed to effect the rank or tenure of office of such clerk and he shall always be considered the same as all other officers and members of the Police Dept. and he shall be entitled to all the rights, privileges, salary and benefits which shall accrue to him through the same period of service as a regular member of the Police Dept."

The compensation in addition to the regular salary has, by subsequent amendment, been raised from $300 to $600.

On January 1, 1959, following the November 1958 municipal election in Garfield at which time a new political group was elected, a reorganization meeting was held by the city council. A resolution was adopted designating the defendant, Patrolman Nunno, as municipal court clerk and terminating the services of plaintiff in that capacity.

The question at issue is whether the Veterans' Tenure Act, R. S. 38:16–1, prevents the municipality from summarily terminating plaintiff's services as municipal court clerk. We are of the view that it does not and that the municipality may remove plaintiff from the position of municipal court clerk without good cause and a hearing.

R. S. 38:16–1 provides:

"No person now holding any employment, position or office under the government of this State, or the government of any county or municipality * * * who may hereafter be *appointed* to any such employment, office or position, whose term of employment, office or position is not now fixed by law, * * * shall hold his employment, position or office during good behavior, and shall not be removed for political reasons."

Thus, whether plaintiff is entitled to the protection of the Veterans' Tenure Act depends upon whether he was duly appointed as municipal court clerk.

The legislative authority for the creation of the position of municipal court clerk is found in *N. J. S.* 2*A* :8–13. It provides:

"The governing body of a municipality, or the governing bodies of two or more municipalities, as the case may be, for which a municipal court has been established may by ordinance or resolution or by similar ordinances or resolutions provide for a clerk and other necessary clerical and other assistants for the municipal court and provide for their compensation. The governing body may by ordinance or resolution designate any officer or employee of the municipality to serve as clerk of the municipal court with or without additional compensation."

Thus, the governing body of a municipality may provide for a municipal court clerk by one of two basic methods: (1) it may by ordinance or resolution "provide for a clerk," or (2) it may by ordinance or resolution "designate" any officer or employee of the municipality to serve as clerk with or without additional compensation. The legislative purpose in specifically providing alternative schemes for filling the position of municipal court clerk is apparent. It was an economy measure designed to save the municipality the expense, if it so desired, of hiring additional personnel to fill the post. The municipality may, by appropriate designation, assign or transfer any of its existent employees or officers to the position of municipal court clerk.

In this context, therefore, to "designate" is not to "appoint" but rather to assign or transfer. See *Terminal Const. Corp. v. Bergen County, etc., Dist. Authority,* 18 *N. J.* 294, 311 (1955).

Where there is merely an assignment or transfer of employment from one position to another, no additional employment security rights arise and the employee may be reassigned or retransferred to his original post in the discretion of the appropriate authority. See *McManus v.*

*Newark,* 49 *N. J. L.* 175 *(Sup. Ct.* 1886). (Plaintiff does have tenure protection in his position as a police officer.)

The question here at issue has been determined adversely to plaintiff by this court in *Jersey City v. Department of Civil Service,* 7 *N. J.* 509 (1951). In that case the defendant Timney was originally improperly appointed as a legal assistant and thereafter was "designated" pursuant to *N. J. S.* 2*A*:8–13 as municipal court clerk. Timney contended that he was permanently appointed to the court clerk position and hence entitled to protection under the Civil Service Act. We held:

"Defendant Timney contends that he was permanently appointed to the office of Court Clerk. The facts, hereinabove recited, show that he was a Legal Assistant assigned to work in the Department of Public Safety in 1945, and also in 1948 when in that department he was assigned to the First Criminal Court of Jersey City. On December 27, 1948, he was designated to serve as Clerk in the new Municipal Court, effective January 1, 1949, pursuant to *P. L.* 1948, *c.* 264, as amended by *P. L.* 1948, *c.* 394 (*R. S.* 2:8*A*–1 *et seq.*) The municipality was authorized under the cited statute either to provide for a clerk of the municipal court or to designate any officer or employee of the municipality to serve as such clerk. Timney was designated. He did not resign from his position as legal assistant. He is not entitled to be restored to the position of Municipal Court Clerk." (7 *N. J.*, at *pages* 526–527.)

With respect to the instant question, it makes no difference whether employment security protection stems from the Civil Service Act or the Veterans' Tenure Act.

The judgment of the trial court is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.